Filed 1/23/25  P. v. Carl CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099642 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF171200, CRF1800407) |
| v. | |
| RYAN LEE CARL, | |
| Defendant and Appellant. | |

Defendant Ryan Lee Carl appeals from an order denying resentencing relief pursuant to Penal Code section 1172.75.[1]  The trial court recalled defendant's sentence and struck a prior prison term enhancement but declined to conduct a full resentencing and further reduce defendant's stipulated sentence, which included an upper term for assault with a deadly weapon.  Defendant argues the trial court should have conducted a

---

[1]  Undesignated statutory references are to the Penal Code.

1

full resentencing pursuant to section 1172.75 and should have also reduced his sentence pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) (Stats. 2021, ch. 731, § 1.3). The People concede the matter should be remanded for full resentencing. We will accept the concession and remand for resentencing. We express no opinion as to how the trial court should exercise its sentencing discretion on remand.

## I. BACKGROUND

Defendant resolved four separate criminal cases by plea in May 2018. Under the plea agreement, defendant pled no contest to assault with a deadly weapon (§ 245, subd (a)(1)) and possession of a deadly weapon by an inmate (§ 4502, subd. (a)) in one case (case No. CRF171200), and criminal threats (§ 422, subd. (a)) in another (case No. CRF1800407). He also admitted on-bail enhancement allegations (§ 12022.1), and enhancements for a prior serious and violent felony conviction (§ 1170.12) and a prior prison term (§ 667.5, subd. (b)). In exchange for his plea, defendant received a stipulated sentence of 14 years four months in state prison, and the prosecution dismissed defendant's remaining counts and other cases (case Nos. CRF171359 and CRF171480).

The trial court sentenced defendant to an aggregated stipulated term of 14 years four months in state prison in June 2018. The sentence included an upper term of four years for assault with a deadly weapon, doubled pursuant to the strike prior, and one year for the prior prison term.

Defendant, acting in propria persona, filed a handwritten "motion to dismiss sentence enhancement and consecutive sentences" in April 2022. By then, three relevant changes in the sentencing laws had taken effect.

First, the Legislature enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136) (Stats. 2019, ch. 590), which amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

2

Second, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) (Stats. 2021, ch. 728), which made Senate Bill No. 136 retroactive, and added former section 1171.1, now codified as section 1172.75, to implement a recall and resentencing procedure for individuals serving prison sentences including a section 667.5, subdivision (b) enhancement. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259.)

Third, the Legislature passed Senate Bill No. 567, which amended section 1170, subdivision (b) to limit the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1), (2).) Now, a trial court, faced with three possible sentencing terms, may impose an upper term only when aggravating circumstances justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances are stipulated to by the defendant or found true beyond a reasonable doubt by the fact finder. (§ 1170, subd. (b)(2); *People v. Lynch* (2024) 16 Cal.5th 730, 742.)

The trial court construed defendant's handwritten submission as "a letter concerning modification of sentence" and directed the Department of Corrections and Rehabilitation (CDCR) to determine whether defendant was eligible for resentencing under Senate Bill No. 483. CDCR subsequently confirmed defendant's eligibility for resentencing, and the trial court struck his one-year prior prison term enhancement.[2]

Defendant, now represented by appointed counsel, then filed a petition for full resentencing. Among other things, defendant sought resentencing on the upper term of four years for the assault with a deadly weapon conviction in light of Senate Bill No. 567. The prosecution objected to full resentencing, arguing defendants who stipulated to an upper term sentence pursuant to a plea agreement—like defendant herein—are not

---

[2] The record is unclear as to when the trial court struck the prior prison term enhancement, but everyone agrees the term was struck.

entitled to relief under Senate Bill No. 567. (See *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059 (*Mitchell*), review granted Dec. 14, 2022, S277314 [defendant not entitled to remand for resentencing] and *People v. Sallee* (2023) 88 Cal.App.5th 330, 340-341, review granted Apr. 26, 2023, S278690 [same]; but see *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 [defendant entitled to remand for resentencing] and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [same].)

The trial court held a hearing on the petition on October 2, 2023. Following argument, the trial court, relying on *Mitchell* said, "I'm still honoring the deal reached between the parties, and I'm not changing it. I don't believe I have the authority to change it. And if I did have the authority to change it, I wouldn't, because there needs to be finality in judgments." The trial court then sentenced defendant to 13 years 4 months in state prison (the original sentence less one year for the prior prison term). As before, the sentence included an upper term of four years for assault with a deadly weapon, doubled pursuant to the strike prior.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant's opening brief raised two issues. First, defendant argued he was entitled to remand for a full resentencing hearing under section 1172.75. Second, he argued the upper term sentence for assault with a deadly weapon was invalid under section 1170, subdivision (b), as amended by Senate Bill No. 567, and the trial court should further reduce the sentence (beyond striking the prior prison term), without allowing the prosecution to withdraw from the plea agreement. The People, in their respondent's brief, properly conceded the first issue. (§ 1172.75, subd. (d)(2) [the trial court must recall and resentence eligible individuals and applying "any other changes in law that reduce sentences or provide for judicial discretion"]; see also *People v. Carter* (2023) 97 Cal.App.5th 960, 977 ["the Legislature intended that the full resentencing

4

procedure in section 1172.75 should be applied to all sentences, including stipulated sentences imposed as part of a plea bargain"].)  But the People disagreed with defendant as to the second issue, whether the prosecution should be permitted to withdraw from the plea agreement in the event the trial court further reduced defendant's sentence on remand.  Thus, the sole question before us was whether the prosecution would be entitled to withdraw from the plea agreement on remand. The Legislature has now answered that question for us.

While this appeal was pending, the Legislature adopted Assembly Bill No. 2483 (2023-2024 Reg. Sess.) (Assembly Bill No. 2483) (Stats. 2024, ch. 964, eff. Jan. 1, 2025), which added section 1171 to the Penal Code (Stats. 2024, ch. 964, § 2).  Newly enacted section 1171 provides, in part, that "[a]ny changes to a sentence" in a postconviction proceeding pursuant to section 1172.75 "shall not be a basis for a prosecutor or court to rescind a plea agreement."  (§ 1171, subd. (c)(3).)  Section 1171 took effect on January 1, 2025.

The parties have submitted supplemental briefs addressing the effect of Assembly Bill No. 2483 on the present appeal.  Both sides agree, as do we, that defendant's resentencing hearing will take place after January 1, 2025.  The parties also agree that section 1171 will apply on remand, such that any further reductions in defendant's sentence would not provide the prosecution with a basis to rescind the plea agreement.  Again, we agree.  Accordingly, we will remand for full resentencing, consistent with the now current version of section 1171, as amended by Assembly Bill No. 2483.

## III.  DISPOSITION

The order denying the request for resentencing is reversed, and the matter is remanded for a full resentencing.  Upon completion of the resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/S/

 

RENNER, J.

We concur:

/S/

 

HULL, Acting P. J.

/S/

 

KRAUSE, J.